CASE NO.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Susan Seltzer**

*Plaintiff*

v.

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**,

*Defendant.*

### EXHIBIT C – FINRA'S DR PORTAL CONFIRMS FINRA'S DIRECTOR OF ARBITRATION REMOVED FORMER PANEL CHAIR FOR CAUSE

**February 15, 2018, Email from DR Portal (Authentication Available Upon Request)**

   This exhibit demonstrates that FINRA's Director of Arbitration, not the claimants' conduct, was the cause for the removal of the former Panel Chair. This fact is significant because it establishes that FINRA was fully aware that the basis for the "viciousness" claim cited in the Award, as a basis for punitive and monetary sanctions, was categorically false and never part of the evidentiary hearing or the July 2, 2018, original Order of dismissal.

   Under the FINRA Awards Online Terms of Use, FINRA is contractually obligated to ensure that published awards comply with the platform's standards, including accuracy, lawfulness, and the absence of defamatory content. FINRA's independent review process for all awards prior to publication, as publicly stated, mandates that awards meet these standards.

   Despite knowing the falsity of the statements in the Award, FINRA staff proceeded to publish the document, in direct violation of its Terms of Use. This breach is independent of the arbitration itself and is actionable under New York contract law.

Arbitral immunity does not protect FINRA in this context because:

1. Independent Platform Operations: Awards Online operates as a commercial platform governed by its own Terms of Use, outside of FINRA's regulatory and arbitral functions.

2. Post-Award Conduct: The publication and dissemination of the Award were post-arbitration actions undertaken by FINRA as the forum provider, not by the arbitrators themselves.

3. Duty to Ensure Accuracy: FINRA's duty to ensure awards are fact-based and lawful is separate from the arbitration proceedings and arises solely from the Awards Online contractual framework.

Thus, FINRA's publication of a knowingly false and harmful document, despite clear evidence contradicting its content, constitutes a material breach of contract.

Please note identifying information (First names and Address) have been redacted.



TO:        Shawn Larsen Bright, Esq.
           Seltzer

From:      Guillermo Flores
           Senior Case Coordinator

Subject:   FINRA Office of Dispute Resolution Arbitration Number 17-01857
           IRA of Seltzer, Rev Trust of ▓▓▓ et al. vs. U.S. Bancorp Investments, Inc., et al.

Date:      February 15, 2018

Please be advised that Arbitrator Lynn Hirschfeld Brahin, J.D. has been removed from the above referenced case. FINRA has attempted to find a replacement from the list of ranked arbitrators. In this case, however, there are: 1) no mutually acceptable arbitrators remaining on the list; or 2) no arbitrators on the list available to serve. In such instances, the Code of Arbitration Procedure requires that FINRA staff "extend the list" by randomly generating names of additional arbitrators using the Neutral List Selection System (NLSS). These arbitrators may only be challenged for cause.

Parties are advised that they may not inform the panel of an opposing party's causal challenge. FINRA staff decides causal challenges under Rules 12407(a) and 13410(a) and the Director of the Office of Dispute Resolution decides requests to remove an arbitrator after the hearings have started under Rules 12407(b) and 13410(b).

Please note that there is an alternative option that allows parties to stipulate to strike and rank an additional "short list" of potential arbitrators to find a replacement.

**Short List Procedure**
If all parties stipulate to proceed under the short list replacement option, FINRA staff will use

If all parties stipulate to proceed under the short list replacement option, FINRA staff will use NLSS to generate randomly a list of three potential replacement arbitrators. FINRA staff will prescreen the arbitrators to confirm their availability for scheduled hearing dates. Parties will receive a copy of the list of three arbitrators along with a copy of each arbitrator's Disclosure Report. Each side (all separately represented claimants and all separately represented respondents) may strike one arbitrator's name from the list. Each side will then rank all remaining arbitrators' names in order of preference within a prescribed number of days. FINRA staff then combines both sides' lists to select the highest ranked replacement arbitrator.

**Stipulation to Use Short List Option**
All parties must agree in order to use the short list option to select a replacement arbitrator. Attached please find a stipulation to proceed with the short list option. If all parties do not sign and return the attached stipulation to use the short list option by February 26, 2018, FINRA staff

Investor protection. Market integrity.   Office of Dispute Resolution   300 South Grand Avenue   t 213 613 2680
West Regional Office   Suite 1700   www.finra.org
Los Angeles, CA
90071-3135

will use NLSS to generate randomly the name of the replacement arbitrator who may only be challenged for cause. Parties may sign separate copies of the stipulation documents.

If you have any questions, please do not hesitate to contact me at 213-613-2676 or by email at Guillermo.Flores@finra.org.

GF1:gf1:LC08U
idr: 02/22/2017