CASE NO.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

**Susan Seltzer**

*Plaintiff*

v.

**FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC.**,

*Defendant.*

### EXHIBIT D: NON-FACTUAL STATEMENTS, NON-JUDICIAL ACTS, AND LACK OF EVIDENTIARY BASIS POST-FINAL ORDER CONSTITUTING UNLAWFUL CONDUCT AND BREACH OF CONTRACT

False Statements: FINRA's inclusion in the Award document statements known to be false based on the true facts of the case (as evidenced by the digital recordings), has breached its obligation to provide accurate and truthful Awards. Awards Online is meant to serve as a factual repository of arbitration outcomes, and including *knowingly* false information defeats this purpose and is a breach of contract. FINRA's Awards Online Terms of Use prohibit unlawful and non-factual statements.

1. **False Claims of Disruptive Behavior During the Evidentiary Hearing**

- Claim: *"The behavior of Co-Claimant Susan Seltzer was disruptive."*
    1. Fact: No digital recording from the hearing supports this claim.
    2. Clarification: There is no Panel Order sanctioning Mrs. Seltzer for disruptive behavior.
- Claim: *"Mrs. Seltzer was ordered several times not to yell and to stop throwing things, but she did not comply and was ultimately instructed to leave the hearing."*
    1. Fact: Mrs. Seltzer never yelled, as confirmed by all digital hearing recordings.
    2. Clarification: She cried out in pain and frustration, pleading with the Panel Chair to *"end the abuse under cross-examination"* by Mr. Larsen-Bright, USBI's Counsel, repeatedly as confirmed by Mr. Seltzer in digital recording 275.
    3. Regarding "Throwing Things": Digital recording 274 at 20 seconds, confirms Mrs. Seltzer *dropped* (not threw) a piece of paper in front of her in frustration.

  She never raised her arm, aimed at anyone, or threw an object. Mr. Seltzer corroborates this in recording 275.
 4. Chair's Own Words: The Panel Chair described the act as *"dropping"*—not throwing on digital recording 274; but then later change the verb to "throw."

## 2. Allegations of Interfering with Testimony and Disobeying Orders
- Claim: *"Despite repeated orders, she interfered with Mr. Seltzer's testimony and failed to comply with the Chair's orders."*
    1. Fact: No digital recording confirms this.
    2. Clarification: Digital recordings 241, 242 and 251 confirm Mr. Seltzer felt abused under cross-examination and the cross-examination was exceedingly abusive to Mrs. Seltzer as numerous digital recordings confirm.

## 3. False Allegations of Accusations Against Counsel and the Panel
- Claim: *"On more than one occasion, Mrs. Seltzer accused USBI's counsel of lying and intimidation. The Panel found these accusations incorrect. She also accused the Panel and counsel of endangering Mr. Seltzer's health."*
    1. Fact: Mr. Seltzer has a heart condition and was visibly distressed, tongue-tied from the abuse under cross-examination, as confirmed by digital recordings. There is no evidence of Mrs. Seltzer accusing USBI's counsel of lying on any digital hearing recording.
    2. Clarification: Mrs. Seltzer pleaded with the Panel Chair to end the abusive line of questioning but never yelled, screamed, or accused anyone falsely. Digital recording number 251 at 4:11 minutes, confirmed Mr. Seltzer was "incredibly intimidated" by USBI's counsel; but Panel Chair never protected Mr. Seltzer from further harm or Mrs. Seltzer under cross-examination.

## 4. False Allegation of Abusing the Arbitration Process
- Claim: *"Claimants abused the arbitration process by making unsubstantiated allegations and ad hominem attacks whenever unhappy with rulings."*
    1. Fact: There are not any digital recordings that contain any evidence of ad hominem attacks.
    2. Clarification: The Panel never issued an order sanctioning Claimants for abuse during or after the hearing.

## 5. False Claim Regarding the Former Panel Chair's Resignation
- Claim: *"The viciousness of Claimants' attacks caused the former Panel Chair to resign."*
- Fact: Exhibit C (FINRA email) confirms FINRA itself removed former Panel Chair Lynn Brahin; not due to Claimants' conduct but for unrelated reasons.

## 6. False Accusation of Libelous Statements
- Claim: *"Claimants made persistent false accusations that were themselves libelous."*
    1. Fact: There is no record of the Panel ever characterizing Claimants' statements as libelous on the digital recordings.
    2. Clarification: Claimants requested the Panel's recusal due to ongoing abuse during the hearing, permitting ongoing abusive actions by Respondent's Counsel,

    as evidenced by Mr. Seltzer's statements on digital recordings Number 282, 283, 285-286, 288 and 289, and DR Portal filing on July 2, 2018, prior to issuance of the July 2, 2018, Order.

### 7. False Claim of Throwing Objects and Disrupting Cross-Examination
- Claim: *"During the hearing, Mrs. Seltzer threw papers and a pen, denied doing so, and shouted vindictively, preventing USBI's counsel from conducting cross-examination."*
    1. Fact: Digital recording 274 confirms Mrs. Seltzer dropped, not threw, a piece of paper and pen in frustration due to unchecked cross-examination abuse.
    2. Clarification: The Panel Chair used the term 'drop,' not 'throw,' (and later changed verb to "throw) as evidenced in recording 274. Mr. Seltzer confirmed Mrs. Seltzer never threw a piece of paper on digital recording 275 at 3:38 minutes.
    3. Further: There is no evidence of Mrs. Seltzer shouting, being vindictive, or disrupting cross-examination on any digital recording from the Hearing as confirmed in recording 275 by Mr. Seltzer and all digital recordings.

### 8. False Allegation of Security Escort and Adjournment
- Claim: *"Due to Mrs. Seltzer's behavior, she was asked to leave under security supervision, and the hearing was adjourned."*
    1. Fact: Digital recording 274 confirm Mrs. Seltzer was not escorted by security and left quietly with Mr. Seltzer within minutes of asking to leave.
    2. Clarification: *Mrs. Seltzer was never under the supervision of security* as the Award falsely states and unequivocally confirmed in digital recording Number 274.

### Conclusion

None of the above non-factual statements were supported by the evidentiary record, as confirmed by the digital hearing recordings. FINRA's publication of punitive and monetary sanctions based on these demonstrably false claims—without a Panel Order, prior notice, or any evidentiary basis, *after* the final Order was issued and the record closed—constitutes an unlawful act outside the scope of arbitration and in direct violation of FINRA's Awards Online Terms of Service.